### George A. Barbour

#### *vs.*

### Inter-State Business Men's Accident Association.

Knox County. Decided September 6, 1927. The plaintiff was insured against illness in the defendant company under a policy which provided that if insured shall be continuously confined within the house under the constant care of a regular physician the association will pay a weekly indemnity of fifty dollars; and for such period, not exceeding ten weeks, that the insured shall not be confined to the house, but shall be compelled to refrain from performing any act of business and be under the constant treatment of a regular physician, the association will pay a weekly indemnity of twenty dollars.

The plaintiff's policy lapsed for a period for non-payment of premium, but was reinstated August 7th, 1926, but by its terms did not cover any illness occurring within ten days after such reinstatement.

The physician's statement sent to the company September 27, 1926, stated that the plaintiff's illness began on August 11th, 1926. Later the plaintiff notified the company that this was an error, as his illness did not begin until August 18th, or the day following the ten-day period. The jury heard the evidence upon this question, and found for the plaintiff. Upon this point, we think the verdict can not be disturbed because of any error here.

The jury awarded a verdict of five hundred and ninety-eight dollars and eighty-eight cents. This we think is clearly excessive. At the maximum he was not confined to the house under the care of a physician more than seven weeks. While he testified that he was unable to work until the middle of December following, his physician testified that he did not attend him after November 1st, and there is no testimony that he did, and during this period he worked five days for his old employer.

Upon a review of the evidence taken most strongly in the plaintiff's favor we think it can not support a verdict for more than four hundred and ten dollars. New trial granted, unless the plaintiff on or before the September Term files a remittitur of all over $410.00. *Charles T. Smalley*, for plaintiff. *Alan L. Bird*, for defendant.